**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4555**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JANSSEN LEE CLINKSCALES,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:09-cr-00434-HFF-1)

Submitted:  March 10, 2011          Decided:  March 21, 2011

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant. Alan Lance Crick, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janssen Lee Clinkscales pleaded guilty to possession of a firearm and ammunition after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Clinkscales to 180 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in finding that Clinkscales was an armed career criminal. Clinkscales has filed a pro se supplemental brief and a motion to supplement his pro se brief raising the same issue. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. Moreover, this court reviews a district court's determination that an offense

2

is a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), de novo. United States v. White, 571 F.3d 365, 367 (4th Cir. 2009). Finally, we then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). This court presumes on appeal that a sentence within a properly calculated advisory guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within guidelines sentence).

Under § 924(e), if a defendant violates § 922(g) and has sustained three prior convictions for violent felonies committed on occasions different from one another, the district court must sentence the defendant to a minimum term of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1). A violent felony is defined as

> [A]ny crime punishable by imprisonment for a term exceeding one year, . . . that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

3

In *Taylor v. United States*, 495 U.S. 575, 598-99 (1990), the Supreme Court held

> that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

Moreover, the Court further held that in order to determine whether a prior conviction was for a violent felony under the ACCA, a court may only "look to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602. The Court also determined, however, that there was an exception to this categorical approach where a state statute includes both an offense that would qualify as a violent felony and an offense that would not. *Id.* In those cases, a court may "go beyond the mere fact of conviction." *Taylor*, 495 U.S. at 602.

Finally, in determining whether offenses were committed on occasions different from one another, a district court should consider

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense.

4

United States v. Leeson, 453 F.3d 631, 640 (4th Cir. 2006) (citing United States v. Letterlough, 63 F.3d 332, 335-37 (4th Cir. 1995). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in determining that Clinkscales had sustained at least three prior convictions for violent felonies, committed on occasions different from one another.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we grant Clinkscales' motion to file a supplemental pro se brief and affirm the judgment of the district court. This court requires that counsel inform Clinkscales, in writing, of the right to petition the Supreme Court of the United States for further review. If Clinkscales requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clinkscales. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5